IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHEILA L. DELANEY                                                                      PLAINTIFF

v.                      Civil No. 10-2018

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sheila Delaney, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental insurance benefits under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

The plaintiff filed her applications for SSI on June 30, 2004, with a protective filing date of June 8, 2004, alleging disability due to a history of patella dislocation, osteoarthritis, low back pain, low red blood cell count, possible heart problems and obesity. Tr. 94. Her applications were initially denied and that denial was upheld upon reconsideration. An initial administrative hearing was held on February 6, 2006. Tr. 221-268. The Administrative Law Judge ("ALJ") entered an unfavorable decision on September 26, 2006, and said decision was appealed to this Court. Tr. 13-19. On June 12, 2008, the case was remanded back to the ALJ for further consideration. Tr. 276-285. Specifically, the Court was concerned with the ALJ's RFC assessment and the hypothetical question posed to the vocational expert.

A second administrative hearing was held on January 29, 2009. Tr. 306-329. Plaintiff was present and represented by counsel. At this time, plaintiff was 48 years of age and possessed a high school education. Tr. 311.

On November 4, 2009, the ALJ found that plaintiff's history of patella dislocation, osteoarthritis, obesity, and depression were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 9F-9G. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform a full range of sedentary work. Tr. 9G-9K. Utilizing the Medical-Vocational Guidelines, the ALJ then concluded Plaintiff was not disabled. Tr. 9K-9L.

Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 7, 8.

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and

AO72A
(Rev. 8/82)

work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's failure to do as instructed in this Court's previous order remanding the case for further consideration. We note that the remand order directed the ALJ to "propose a hypothetical question [to the vocational expert] that include[d] all the limitations listed in plaintiff's RFC." Particularly, the Court was concerned with the ALJ's failure to include in the hypothetical, any limitations concerning Plaintiff's ability to climb, balance, kneel, crouch, crawl, or stoop, as she had concluded Plaintiff could not perform these tasks. *See Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (holding that a proper hypothetical sets forth all the impairments supported by substantial evidence and accepted as true by ALJ).

On remand, however, a vocational expert did not testify. And, although the ALJ voiced her intent to send interrogatories to the expert, we can find no such interrogatories in the record. Instead, the ALJ merely changed her RFC from sedentary work with no ability to climb, balance, kneel, crouch, crawl or stoop to a full range of sedentary work.

A review of the evidence reveals that the only RFC contained in the file, completed by Dr. Thompson, indicates that Plaintiff could never climb, balance, kneel, crouch, crawl or stoop. Tr. 210-215. His examination revealed that her lumbar spine flexion was limited by her size and weight to about forty-five degrees of flexion and her extension was limited to around fifteen degrees. Dr. Westbrook's general physical examination also revealed an inability to bend over, walk on heel and toes in a stable manner, or squat and arise from a squatting position. Tr. 183-

189. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Accordingly, we do not find substantial evidence to support the ALJ's new RFC determination. Remand is necessary to allow the ALJ to reconsider the evidence concerning Plaintiff's limitations and to recall the vocational expert to obtain testimony concerning the impact these additional limitations would have on Plaintiff's ability to perform sedentary jobs that exist in significant numbers in the national economy. The ALJ is reminded that a complete inability to stoop would significantly erode the unskilled sedentary occupational base, thus it should be included in a hypothetical question proposed to the vocational expert. SSR 96-9P, 1996 WL 374185, *8 (1996). The ability to perform a full range of sedentary work also involves at least the ability to occasionally stoop. *See Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992).

In our previous order, The ALJ was also directed to obtain clarification from Dr. Thompson concerning Plaintiff's ability sit, stand, and walk during an eight-hour workday. Our prior opinion stated as follows:

> Dr. Thompson's assessment indicates plaintiff could stand/walk at least two hours out of an eight-hour workday and could sit less than about six hours out of an eight-hour workday. Defendant argues that the ALJ justified the RFC finding by adding that plaintiff must alternate between sitting and standing at will. However, Dr. Thompson's assessment is unclear as to whether plaintiff can perform work activity for an eight hour period. While Dr. Thompson found plaintiff could stand/walk at least two hours it is uncertain whether the "at least" implied plaintiff could perform more than two hours of standing/walking or could perform two hours. This is a critical point because Dr. Thompson clearly opined plaintiff can sit less than six hours. We do not see how alternating sitting and standing at will would increase the total time plaintiff is able to work. Since it is unclear whether plaintiff is able to sustain work for an eight-hour period we believe remand is necessary for the ALJ to more fully and fairly develop the record.

At the second administrative hearing, the ALJ noted that Dr. Thompson had retired. 309. And, although she did send Plaintiff out for a consultative orthopedic examination, she did not request an RFC assessment from him in order to obtain the specific information requested by this Court. Tr. 303-305. We note that Dr. Honghiran's examination indicated that Plaintiff had a history of subluxation of the patella on the right knee and plantar fasciitis of both heels with chronic heel pain. Tr. 304. He also concluded that she had a history of chronic lower back pain, aggravated by her weight, and could have degenerative disk disease of the lower lumbar spine. Tr. 303. The range of motion in her lumbar spine was limited to 60 degrees of flexion. Tr. 305. However, he offered no opinion as to Plaintiff's ability to perform work-related activities. It is clear to the undersigned that the limitations he noted in his examination could well impact Plaintiff's ability to sit, stand, and walk for a full eight-hour workday. Accordingly, the present record does not contain substantial evidence to indicate Plaintiff could perform a full range of sedentary work, and remand is necessary to allow the ALJ to obtain an RFC assessment from Dr. Honghiran concerning Plaintiff's ability to perform all of the requirements of this level of work. On remand, the ALJ is directed to specifically ask the doctor whether Plaintiff can sit, stand, walk, climb, balance, kneel, crouch, crawl or stoop. Further, follow up questions should be asked to determine how long Plaintiff can sit, stand, and walk during an eight-hour workday.

If the ALJ is unable to obtain an RFC assessment from Dr. Honghiran, another consultative examination should be ordered and a set of interrogatories forwarded to the new examiner requesting that he/she answer all of the questions previously posed by this Court. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

AO72A (Rev. 8/82)

**IV. Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of February 2011.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)